# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Valerie Soto, | Case No. 2:22-cv-00632-BNW |
| Plaintiff, | |
| v. | **Order** |
| Infinity Hospice Care, LLC, et al., | |
| Defendants. | |

Defendants Infinity Hospice Care, LLC; Nevada Hospice and Palliative Care, Inc; Infinity Hospice Care of Las Vegas, LLC; and Infinity Hospice Care of Reno, LLC (the Infinity Defendants) move to dismiss Plaintiff Valerie Soto's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). ECF No. 11. Plaintiff responded at ECF No. 16, and Defendants replied at ECF No. 19.

In addition, Defendant Sweet Home filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) alleging that Plaintiff failed to state a claim upon which relief can be granted. ECF No. 17. The Infinity Defendants joined the motion (ECF No. 27), and Plaintiff responded (ECF No. 32).

As discussed below, this Court grants the Infinity Defendants' Fed. R. Civ. P. 12(b)(1) motion to dismiss and denies without prejudice Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss.

**I.     Background**

This case arises from Rosemary Mactier's death. ECF No. 1. Ms. Mactier was admitted to a facility operated by the Infinity Defendants on April 6, 2020 and transferred to a facility operated by Sweet Home on April 16, 2020. *Id*. Ms. Mactier died four days later. *Id*. Ms. Soto, as heir to Ms. Mactier, alleges three causes of action: (1) wrongful death, (2) negligence, and (3) intentional infliction of emotional distress (IIED). *Id*.

The parties are familiar with the arguments. As a result, the Court does not repeat them here.

**II.     Analysis**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000. For jurisdiction to arise under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a claim or action for a lack of subject matter jurisdiction. Plaintiff, as the party invoking the power of a federal court, "bears the burden of establishing the court's subject matter jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Id*. A facial attack argues there is want of jurisdiction based on the allegations in the complaint alone. *Id*. Where an attack on jurisdiction is a "facial" attack, the factual allegations of the complaint are taken as true, and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).

The question before this Court is whether Plaintiff's negligence claim destroys diversity jurisdiction. To answer that question, this Court must first determine whether Plaintiff's negligence claim is a survival action under NRS 41.100. Survival actions can only be brought by the official representatives of an individual's estate—not by an heir. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365 (9th Cir. 1998); *see also Scott v. Las Vegas Metro. Police Dep't*, 2011 WL 2295178 (D. Nev. June 8, 2011). Under 18 U.S.C. § 1332(c)(2), the legal representative of an estate shall be deemed to be a citizen only of the same state as the decedent.

Here, if Plaintiff's negligence claim is a survival action, then she can only bring the claim as a representative of Ms. Mactier's estate. In such case, she would be deemed to be a Nevada

citizen (as that was the decedent's citizenship).[1] Defendants are all citizens of Nevada. Thus, if the negligence claim is a survival action, there is not complete diversity, as all parties would be considered citizens of Nevada. As discussed below, this Court agrees with the Infinity Defendants that Plaintiff's negligence claim is a survival action. As a result, given the lack of diversity, this Court does not have jurisdiction over Plaintiff's claims.

While Plaintiff makes clear that the wrongful death claim is brought pursuant to NRS 41.085, she fails to develop any legal arguments explaining why her *negligence* claim ought not to be considered a survival action under NRS 41.100. ECF No. 16 at 3. This Court tends to agree with the Infinity Defendants that the negligence claim is a survival action. The negligence claim arises out of the treatment of Ms. Mactier—not Plaintiff. As such, it is the type of claim that Ms. Mactier could have pursued and "is not lost by reason of [Ms. Mactier's] death." NRS 41.100(1). Nevertheless, NRS 41.100(1) requires that claim to be brought by "[Ms. Mactier's] *executor or administrator.*" NRS 41.100(1). That is, section "41.100(3) extends the right to bring a survival action only to the official representatives of an individual's estate; no mention is made of a similar right extending to family members or heirs to bring a survival action independent or in lieu of the estate's claim." *Moreland*, 159 F.3d 365; *see also Scott*, 2011 WL 2295178.

Thus, Plaintiff cannot bring her negligence claim as an heir; she must instead bring the claim as the legal representative of Ms. Mactier's estate. As explained above, under 18 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent. Ms. Soto is, therefore, deemed to be a citizen of the same state as the decedent, which is Nevada. As such, complete diversity is lacking.

Lastly, this Court agrees with Plaintiff that "there is no prohibition barring plaintiff from pursuing" both the negligence claim and the wrongful death claim. The question, however, is whether doing so would destroy subject matter jurisdiction. It does. Thus, while Plaintiff may pursue both claims, she cannot do so by invoking diversity jurisdiction in federal court.

---

[1] This Court notes that while the complaint does not allege Ms. Mactier's citizenship, Plaintiff has not taken a contrary position in her response. ECF No. 16. "[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Whitmire v. Victus Ltd. t/a Master Design Furniture*, 212 F.3d 885, 887 (5th Cir. 2000)).

Given that complete diversity is lacking, the Court will dismiss Plaintiff's complaint with leave to amend in the event Plaintiff elects to proceed in federal court without her negligence claim. *See United Poultry Concerns v. Chabad of Irvine*, 2017 WL 3000019, at *2 (C.D. Cal. Jan. 20, 2017) (granting the defendants' Rule 12(b)(1) motion and dismissing the petition with leave to amend "because it is not apparent that amendment would be futile"). Plaintiff shall have 30 days from today's date to file an amended complaint. Since it is not clear at this juncture whether Plaintiff will elect to proceed in federal court, this Court denies Sweet Home's Fed. R. Civ. P. 12(b)(6) motion without prejudice.[2]

### III. Conclusion

**IT IS THEREFORE ORDERED** that the Infinity Defendants' motion at ECF No. 11 is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff shall have until April 30, 2023 to file an amended complaint that does not include her negligence claim. Failure to do so will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that if Plaintiff files an amended complaint, the parties must file a proposed discovery plan and scheduling order within 14 days after the filing of the amended complaint.

**IT IS FURTHER ORDERD** that Defendants' motion at ECF No. 17 is denied without prejudice.

DATED: March 29, 2023

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the Court is not addressing the Fed. R. Civ. P. 12(b)(6) challenge, should Plaintiff elect to amend her complaint, she may wish to strengthen it by addressing the issues raised by Defendants.