UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VALERIE SOTO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>INFINITY HOSPICE CARE, LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:22-cv-00632- BNW<br><br>**ORDER** |

Presently before the Court is the Infinity Defendants' Motion to Dismiss (ECF No. 40). Plaintiff Valerie Soto filed a response in opposition (ECF No. 50) to which Defendants replied (ECF No. 53). Also before the Court is Defendant Sweet Home Belmont, LLC's Motion to Dismiss (ECF No. 51).[1] Plaintiff filed a response in opposition (ECF No. 64) to which Defendant replied (ECF No. 69). Both the Infinity Defendants and Defendant Sweet Home Belmont (Belmont) filed Joinders (ECF No. 52/54) to the other's motion to dismiss. In addition, before the Court is Plaintiff's Motion for Clerk's Entry of Default (ECF No. 65). Further the Court finds good cause to grant Plaintiff's Motion to Extend Time (ECF No. 63) to file an opposition to Defendant Belmont's motion to dismiss.

**I.  Background**

The Court construes the allegations of Plaintiff's First Amended Complaint (FAC) as true, as it must do when resolving a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This action arises from Plaintiff's mother's death. ECF No. 39. Rosemary Mactier was admitted to a facility operated by

---

[1] Plaintiff argues that, pursuant to *Pennymac Loan Services, LLC v. Townhouse Greens Association, Inc.*, 2018 WL 772089 (D. Nev. 2018), Defendant Belmont's motion to dismiss was untimely because it was filed after the deadline for filing a responsive pleading. However, unlike defendant in *Pennymac*, Belmont's initial motion to dismiss was not decided on the merits, because the Court dismissed the complaint for lack of diversity jurisdiction. The Court ordered Belmont's motion denied without prejudice expecting that if Plaintiff dropped the negligence claim and filed an amended complaint Belmont would file a new motion to dismiss for failure to state a claim.

the Infinity Defendants on April 6, 2020, and transferred to a facility operated by Defendant Sweet Home Belmont on April 16, 2020. *Id.* Ms. Mactier died four days later. *Id.* Ms. Soto, as heir to Ms. Mactier, alleges three causes of action: (1) wrongful death, (2) negligent infliction of emotional distress (NEID), and (3) intentional infliction of emotional distress (IIED). *Id.*

## II.     Standard for a Motion to Dismiss

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint sufficiently states a claim, the Court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *See Meisler v. Chrzanowski*, 2014 U.S. Dist. LEXIS 102522, at *9 (D. Nev. Feb. 24, 2014). In other words, a complaint must make direct or inferential allegations about all the material elements necessary to sustain recovery under some viable legal theory. *See Fitzpatrick v. Las Vegas Metro. Police Dep't*, 2020 U.S. Dist. LEXIS 19852, at *16-17 (D. Nev. Feb. 3, 2020).

## III.    Analysis

Defendants argue that Plaintiff's First Amended Complaint must be dismissed: (1) pursuant to Federal Rule of Civil Procedure 15(a)(2) because the amended complaint exceeded the Court's grant of leave to amend; and (2) because the claims for wrongful death, negligent infliction of emotional distress, and intentional infliction of emotional distress fail to state a claim upon which relief may be granted.

### 1. Amended Complaint

Defendants assert that Plaintiff exceeded the scope of the Court's prior order, ECF No. 38, when she filed the FAC and included a new cause of action, negligent infliction of emotional distress. The Court disagrees. The initial complaint contained a claim for negligence which was construed by the Court as a survival action pursuant to NRS 41.100. ECF No. 38 at 3. Because a survival action must be brought by the legal representative of the estate, who is deemed to be a citizen of the same state as the deceased, Plaintiff was deemed a citizen of Nevada destroying diversity jurisdiction. *Id.* The Court dismissed Plaintiff's initial complaint for lack of diversity jurisdiction, but granted Plaintiff leave to file an amended complaint that did not contain the negligence claim. *Id.* at 4. Further the Court encouraged Plaintiff to "strengthen" her complaint if she chose to file an amended complaint. *Id.* at 4, n.2.

Here, Plaintiff complied with the Court's order by filing an amended complaint that did not contain the original negligence claim. *See* First Amended Complaint, ECF No. 39. Plaintiff did add a claim for negligent infliction of emotional distress. Doing so did not violate the order of the Court (which simply required Plaintiff to file an amended complaint that did not contain a negligence cause of action that would destroy diversity jurisdiction). The negligent infliction of emotional distress claim clarifies that Plaintiff was proceeding individually as an heir, rather than as a representative of the estate.

Given the underlying purpose of Rule 15 is, "to facilitate decision on the merits, rather than on the pleadings or technicalities[,]" the Court finds that Plaintiff has complied with the requirements of Rule 15 in filing the amended complaint. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion [to amend]." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Here, at the early stages of the proceedings, no prejudice befalls Defendants from the assertion of this added claim, because Defendants have adequate remedy to challenge its sufficiency.

**2. Wrongful Death**

Nevada's wrongful death statute, NRS 41.085, provides that heirs and personal representatives may maintain actions for wrongful death when the death "is caused by the wrongful act or neglect of another." NRS 41.085(2). Thus, to state a claim, Plaintiff must allege that she is an heir of Rosemary Mactier and that her death was caused by the wrongful act or neglect of another. Plaintiff has adequately alleged that she is an heir.

Regarding the Infinity Defendants, Plaintiff alleges that Infinity transferred Ms. Mactier to Defendant Belmont, a facility that was "ill-equipped to care" for a patient with Ms. Mactier's serious health problems, rather than a hospital. Plaintiff further alleges that Belmont's license as a nursing facility had expired four years earlier, and that it would not gain qualifications as a "group care facility" until approximately one year and a half after Ms. Mactier was admitted. Finally, Plaintiff alleges (1) that Infinity knew that Belmont was inadequate and (2) that the transfer resulted in her mother's death. These allegations are sufficient to state a claim under NRS 41.085(2).

Plaintiff also alleges that Belmont failed to provide appropriate care to Ms. Mactier, inferring that Belmont failed to properly administer medication to Ms. Mactier. Further, Plaintiff alleges that Belmont neglected and abused Ms. Mactier, including by inappropriately restraining her against her will. Plaintiff alleges that these wrongful acts caused Ms. Mactier's death. These allegations are sufficient to state a claim under NRS 41.085(2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Therefore, the Court denies Defendants' motions to dismiss Plaintiff's claim for wrongful death.

**3. Negligent Infliction of Emotional Distress**

Plaintiff also asserts a claim for negligent infliction of emotional distress (NIED) against both parties. "Under Nevada law . . . a 'bystander' may bring a claim for negligent infliction of emotional distress." *Beckman v. Match.com, LLC*, 668 F. App'x 759, 759-760 (9th Cir. 2016)

(citing *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (1995); *Olivero v. Lowe*, 995 P.2d 1023, 1026–27 (Nev. 2000)). Ordinary tort principles govern claims for negligent infliction of emotional distress. *Hoy v.* Jones, 2020 WL 2798017 (D. Nev. May 30, 2020).

"The plaintiff must prove that the shock of witnessing the harm was the proximate cause of his or her emotional distress." *State v. Eaton,* 710 P.2d 1370, 1376 (Nev. 1985), overruled on other grounds by *State ex rel. Dep't of Transp. v. Hill,* 963 P.2d 480 (Nev. 1998).  "Plaintiff's burden of proving causation-in-fact should not be minimized. The emotional injury must be directly attributable to the emotional impact of the plaintiff's observation or contemporaneous sensory perception of the accident and immediate viewing of the accident victim." *Id.* (internal quotations and citation omitted). Further, the harm must be reasonably foreseeable by the ordinary person under the circumstances. *Id.* at 1377 n.11.

To determine whether the emotional injury was "reasonably foreseeable," courts evaluate three factors. The bystander plaintiff must be "closely related to the victim of an accident, be located near the scene of the accident, and suffer a shock resulting from direct emotional impact stemming from the sensory and contemporaneous observance of the accident." *Crippens v. Sav on Drug Stores*, 961 P.2d 761, 762 (1998) (citing *State v. Eaton*, 710 P.2d 1370, 1377-78 (1985)). "[I]t is not the precise position of plaintiff or what the plaintiff saw that must be examined. The overall circumstances must be examined to determine whether the harm to the plaintiff was reasonably foreseeable. Foreseeability is the cornerstone of [the] test for negligent infliction of emotional distress." *Id.* at 762-63.

Here, the NIED claim against the Infinity Defendants must be dismissed. Plaintiff has failed to allege any facts showing that she observed or contemporaneously perceived any negligent action by the Infinity Defendants. Instead, she alleges that Infinity failed to inform her that her mother was being transferred to a different facility. It is not reasonably foreseeable that failure to inform Plaintiff of this fact would result in a direct emotional injury. *Id.* at 762 (the shock must result from the sensory and contemporaneous observance of the accident).

The NIED claim against Belmont must also be dismissed because the claim does not meet the *Crippens* requirement that Plaintiff be located near the scene of the accident and suffer a

shock resulting from the sensory and contemporaneous observance of the incident. *Id.* (citing *Eaton*, 101 Nev. at 1378). Here, at best, Plaintiff's mother described to her the alleged injury on the telephone. Another court in the District of Nevada found that hearing a slip-and-fall incident from the next room was insufficient to satisfy the *Crippens* requirement of sensory and contemporaneous observance. *See Derzaph v. Wynn Las Vegas, LLC*, 2016 WL 1952314 (D. Nev. May 3, 2016). The allegations in this case are even more removed from contemporaneous observation than those in *Derzaph.*

Therefore, Plaintiff's second cause of action for negligent infliction of emotional distress against both parties is dismissed.

### 4. Intentional Infliction of Emotional Distress

To state a claim of intentional infliction of emotional distress, Plaintiff must allege (1) that the defendants engaged in extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) that the plaintiff suffered severe or extreme emotional distress; and (3) actual or proximate causation of the emotional distress. *Shoen v. Amerco, Inc.*, 896 P.2d 469, 476 (Nev. 1995) (citing *Star v. Rabello*, 625 P.2d 90, 91-92 (1981)).

Here, the Court finds that the allegations that Infinity transferred Rosemary Mactier to a facility that they knew was incapable of providing the medical care necessary to sustain her life shows, at the least, reckless disregard for causing emotional distress to Plaintiff. Further, the allegations that Belmont failed to medicate Ms. Mactier, that it neglected and abused her, and improperly restrained her, causing her death, are sufficient allegations of extreme and outrageous conduct sufficient to state a claim.

However, Plaintiff's allegations of emotional distress do not rise to the level of severe or extreme emotional distress. Conclusory allegations of "shock" and extreme anxiety, sleeplessness, depression, nausea, pain, illness, and discomfort are not enough to meet the standard of severe or extreme emotional distress. *Alam v. Reno Hilton Corp.* 815 F. Supp. 905, 911 (D. Nev. 1993) (finding that feelings of inferiority, headaches, irritability, and weight loss are insufficient to amount to severe emotional distress). "The stress must be so severe and of such intensity that no reasonable person could be expected to endure it.". Here, Plaintiff cites a list of

physical symptoms but fails to provide facts that show that these symptoms were of such intensity that no reasonable person could be expected to endure such stress. Therefore, the IIED claim against the Infinity Defendants and Belmont are dismissed for failure to state a claim.

**5. Motion for Clerk's Entry of Default**

Federal Rule of Civil Procedure 55(a) requires the Clerk of the Court to enter default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. Plaintiff's initial complaint was filed on April 16, 2022. (ECF No. 1). Belmont was served on June 13, 2022. (ECF No. 7). Belmont then filed a motion to dismiss the complaint on July 27, 2022. (ECF No. 17). Plaintiff filed the present FAC on April 27, 2023. (ECF No. 39). Belmont filed a motion to dismiss the FAC on June 13, 2023. (ECF No. 51). Plaintiff then filed the motion for entry of clerk's default on August 25, 2023. (ECF No. 65).

Here, the Court cannot find that Defendant Belmont has failed to otherwise defend this action pursuant to Rule 55. Belmont has now moved to dismiss both complaints filed in this action. Therefore, the Court denies the motion for entry of clerk's default. Belmont's answer will be due in fourteen days. Rule 12(a)(4)(b).

**IV.  Conclusion**

**IT IS HEREBY ORDERED** that the Infinity Defendants' Motion to Dismiss (ECF No. 40) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Defendant Sweet Home Belmont, LLC's Motion to Dismiss (ECF No. 51) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that the motions to dismiss the claim for wrongful death are **DENIED**.

**IT IS FURTHER ORDERED** that the claims against all Defendants for negligent infliction of emotional distress and intentional infliction of emotional distress are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (ECF No. 63) is **GRANTED *nunc pro tunc***.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Clerk's Entry of Default (ECF No. 65) is **DENIED**.

**IT IS FINALLY ORDERED** that the Infinity Defendants' Motion to Stay Discovery (ECF No. 55) is **DENIED as moot.**

DATED: December 19, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE