S. BRENT VOGEL
Nevada Bar No. 006858
Brent.Vogel@lewisbrisbois.com
ETHAN M. FEATHERSTONE
Nevada Bar No. 11566
Ethan.Featherstone@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789

*Attorneys for Defendant*
*Sweet Home Belmont, LLC*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| VALARIE SOTO; an individual,,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITY HOSPICE CARE, LLC; an Arizona limited liability company, NEVADA HOSPICE AND PALLIATIVE CARE, INC.,; a Nevada corporation, INFINITY HOSPICE CARE OF LAS VEGAS, LLC, a Nevada limited liability company, INFINITY HOSPICE CARE OF RENO, LLC; a Nevada limited liability company, SWEET HOME BELMONT, LLC; a Nevada limited liability company, DOES 1-X; ROE CORPORATIONS AND/OR ENTITIES I-X,<br><br>Defendant. | Case No. 2:22-cv-0632-BNW<br><br>**AMENDED JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** |

Pursuant to Local Rules ("LR") 16-1, and 26-1(b), and 26-2, and 26-3, and Federal Rules of Civil Procedure ("FRCP") 16.1 and 26, VALARIE SOTO ("Plaintiff") and DEFENDANT SWEET HOME BELMONT, LLC ("Defendant") (Plaintiff and Defendant collectively referred to hereafter as the "Parties") and this Court's Order [ECF No. 108], , by and through their respective counsel, submit this Amended Joint Proposed Discovery Plan and Scheduling Order.

150856274.1

### 1. Meeting of the Parties

On January 7, 2025, Paul S. Padda, Esq. and Eric Larsen, Esq (on behalf of the Plaintiff) and Ethan Featherstone, Esq. (on behalf of Defendant Sweet Home Belmont) conferred via email regarding this proposed Amended Joint Proposed Discovery Plan and Scheduling Order, pursuant to FRCP 26(f). The attached plan accords with relevant federal and local rules, that the Parties request a 180-day discovery plan.

### 2. Initial Disclosures:

Initial disclosures have been disclosed. The Parties have supplemented disclosures and are expected to provide additional supplemental disclosures consisting of relevant materials and information in the Parties' possession and will comply with FRCP 26(a)(1).

### 3. Subjects on which discovery may be needed:

Discovery will be conducted on all issues relevant to the Parties' respective claims and defenses, including the operations of Sweet Home, the condition of Ms. Mactier in April 2020, why and how she was admitted as a resident at that time, and the cause of her death.

### 4. Discovery Plan:

Local Rule 26-1(b)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred and eighty (180) days from the date the first defendant answers or appears will require special scheduling review." Special scheduling review is needed in this case because this proposed plan is being submitted well after the first defendant appeared. However, there have been at least two periods in which this case has been stayed. The discovery deadline proposed is approximately 180 days from the date of the parties discussion on January 7, 2025.

The parties respectfully request the Court approve the deadlines proposed below:

| | |
|---|---|
| Amend or Add Parties | April 9, 2025 |
| Initial Expert Disclosures | May 9, 2025 |
| Rebuttal Expert Disclosures | June 6, 2025 |
| Discovery | July 8, 2025 |
| Dispositive Motions | August 7, 2025 |

A. **Pretrial Order:** The Parties shall file a joint pretrial order no later than thirty days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty days after the Court issues an Order on any dispositive motions. If dispositive motions are filed, the deadline for filing a joint pretrial order will be suspended until 30-days after a decision on the motion is rendered or until further court notice. *See* Local Rule 26-1(b)(5).

B. **FRCP 26(a)(3) Disclosures:** The disclosures required by FRCP 26(a)(3) shall be made in the joint pretrial order, including any objections thereto.

5. **Alternative Dispute Resolution:**

The parties hereby certify that they discussed the possibility of resolution of this case through means of alternative dispute resolution (i.e. arbitration, mediation, early neutral evaluation). The parties believe that mediation will be potentially useful after the close of discovery.

6. **Alternative Forms of Case Disposition:**

The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties already consented to have the assigned United States Magistrate Judge preside over this matter for all purposes. *See* ECF No. 23. The parties do not consent to the Short Trial Program; the parties filed their demands for trial by jury. *See* ECF No. 39 and 77.

7. **Electronic Evidence:**

The parties, by and through their respective counsel, certify that they communicated regarding the issue of whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. At this time, the parties have not made any stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

//

//

Dated this 14th day of January 2025.

*/s/ Ethan M. Featherstone*
Ethan M. Featherstone, Esq.
Nevada Bar No. 11566
S. Brent Vogel, Esq.
Nevada Bar No. 006858
LEWIS BRISBOIS BISGAARD & SMITH, LLP
6385 South Rainbow Blvd., Suite 600
Las Vegas, Nevada 89102
Tele. (702) 893-3383
*Attorneys for Defendant*
*Sweet Home Belmont, LLC*

Dated this 14th day of January 2025.

*/s/ Eric Larsen*
Eric Larsen, Esq.
Nevada Bar No. 9423
PAUL PADDA LAW, PLLC
4560 South Decator Blvd., Ste. 300
Las Vegas, Nevada 89103
Tele. (702) 366-1888
*Attorneys for Plaintiff Valarie Soto*

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** January 15, 2025

150856274.1

4