S. BRENT VOGEL
Nevada Bar No. 006858
Brent.Vogel@lewisbrisbois.com
ETHAN M. FEATHERSTONE
Nevada Bar No. 11566
Ethan.Featherstone@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
*Attorneys for Defendant*
*Sweet Home Belmont, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VALERIE SOTO, an individual, | Case No. 2:22-cv-00632-BNW |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO PROTECT CONFIDENTIAL MATERIALS AND INFORMATION** |
| INFINITY HOSPICE CARE, LLC, an Arizona limited liability company; NEVADA HOSPICE AND PALLIATIVE CARE, INC., a Nevada corporation; INFINITY HOSPICE CARE OF LAS VEGAS, LLC, a Nevada limited liability company; INFINITY HOSPICE CARE OF RENO, LLC, a Nevada limited liability company; SWEET HOME BELMONT, LLC, a Nevada limited liability company; DOES I-X; ROE CORPORATIONS AND/OR ENTITIES I-X, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

/ / /

152056187.1

1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other electronic and tangible items.

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except:

    a. The parties in this matter;

    b. Counsel for any named party in this matter and their employees and/or staff;

    c. the Court, jury, and court personnel, including court reporters and stenographers and/or videographers employed in connection with this suit;

    d. experts or consultants retained or employed in good faith to assist any party in the evaluation, prosecution or defense of this suit;

    e. any witness or deponent who is asked at his or her deposition or at trial to testify about documents designated as Confidential Material or the contents thereof, who only may be shown Confidential Material and may not retain any Confidential Material or copies thereof;

    f. outside photocopying services engaged by a party or its counsel to assist in this litigation;

    g. special masters, arbitrators, mediators, and/or settlement conference judges and their respective staff;

    h. the author, addressees, and recipients of the document;

    i. outside data processing companies or individuals engaged by a party or its counsel to assist in this litigation;

    j. any person who authored or properly received in the ordinary course of business the particular information sought to be disclosed; and

    k. any other individual that is agreed upon by both parties.

/ / /



3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached as Ex. A hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and their retained experts are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

/ / /

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. If a party wishes to attach Confidential Material to a non-dispositive motion or other filing (excluding dispositive motions) with the Court, then that party will notify the designating party of its intent to attach the Confidential Material to the filing in writing at least three (3) days before filing. Alternatively, the party wishing to attach Confidential Material to a non-dispositive motion or other filing (excluding dispositive motions) with the Court can submit without notification of the designating party as long the filing is submitted with a request to file under seal pursuant to applicable rules.

10. If any party makes inadvertent disclosure of any document or information that is subject to an objection on the basis of privilege or the attorney work product doctrine, the disclosure will not be deemed to waive that party's claim to its privileged or protected nature or estop that party or privilege holder from designating the information or document as privileged or subject to the attorney work product doctrine. Any party receiving any such information or documents shall return the information or documents and any copies of the same upon written request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents and any copies of the same to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. If the information or document is disclosed by the non-producing party to a third party in accordance with the provisions of this Order prior to the designation as subject to privilege and/or the attorney work product doctrine, the party that inadvertently disclosed the document or information is not deemed to waive its claim to the privileged or protected nature and is not estopped from designating the information or document as privileged and/or subject to the attorney work product doctrine. Furthermore, the non-producing party must send a request in writing to the third party to whom the document or information was disclosed no later than five (5) days after a request for return of the documents or information and any copies of the same from the

producing party, requesting that the third party to whom it was produced return the information or documents and any copies of the same to the non-producing party. Upon receipt of the documents or information and any copies of the same from the third party, the non-producing party must return the documents and/or information and any copies of the same to the producing party within five (5) days of the non-producing party's receipt of the same from the third party. As outlined in paragraph 15 below, nothing in this Order prevents the parties from challenging any assertion of privilege.

11. If a party wishes to submit into the written record of this case any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or excerpts from any such document, that party shall seek to submit the document under seal.

12. Papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal addressing the specific reasons for filing these documents under seal pursuant to *Kamakana v. City of Cnty. Of Honolulu,* 447 F.3d 1172 (9th Cir. 2006), and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED [INSERT DATE]." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule. Notwithstanding the foregoing in this paragraph, if allowed by the Court, a party may submit documents designated as Confidential to the department in camera in lieu of filing the documents under seal.

13. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

14. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall

have thirty days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have fourteen (14) days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

15. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

16. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

17. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

18. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment) and at request of the designating party, all Confidential Material (including all copies) shall be returned to counsel for the designating party or individuals and/or counsel in possession can certify as to the destruction of all Confidential Material in writing within fourteen (14) days of the request. Notwithstanding this provision, Counsel for each party shall be entitled to retain archival copy of all pleadings, motions, trial documents and exhibits, deposition transcripts, videos and exhibits, hearing transcripts, legal memorandum, correspondence and work product, expert reports, and consultant or expert work product, provided that the material is handled in accordance with the terms of this Agreement.

/ / /

/ / /

/ / /

19. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

DATED this 4th day of February, 2025.

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Ethan M. Featherstone*
S. BRENT VOGEL
Nevada Bar No. 006858
ETHAN M. FEATHERSTONE
Nevada Bar No. 11566
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
Brent.Vogel@lewisbrisbois.com
Ethan.Featherstone@lewisbrisbois.com

*Attorneys for Defendant*
*Sweet Home Belmont, LLC*

DATED this 4th day of February, 2025.

PAUL PADDA LAW, PLLC

*/s/ Eric Larsen*
ERIC LARSEN
Nevada Bar No. 009423
4560 S. Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tel. (702) 366-1888
elarsen@paulpaddalaw.com

*Attorneys for Plaintiff*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 5, 2025

152056187.1

7

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, affirm that I have read the foregoing Stipulation and Order to Protect Confidential Materials and Information entered in *Valerie Soto vs. Sweet Home Belmont,* Case No. 2:22-cv-00632-BNW ("Protective Order"), currently pending before the United States District Court of Nevada ("District Court"), governing the documents produced by the parties in this case. I have read the Protective Order governing documents produced by the parties in this case. I understand its terms and agree to be bound by the terms of the Protective Order. I understand that my duties under the Protective Order will survive the termination of this case and that failure to comply with its terms may result in the District Court imposing sanctions on me. I consent to personal jurisdiction of the District Court for the purpose of enforcing the Protective Order.

I hereby affirm under the pains and penalties of perjury under the law of the State of Nevada that the foregoing is true and correct to the best of my knowledge and belief.

DATED this _____ day of _____, 2025.

_____
Signature

_____
Printed Name